```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| SCOTT CARDWELL,<br><br>        Plaintiff,<br><br>  v.<br><br>COUNTY OF FRESNO, DAVID GODFREY,<br>an individual,<br><br>        Defendants. | 1:10-cv-1249 OWW SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Discovery Cut-Off: 12/12/11<br><br>Non-Dispositive Motion Filing Deadline: 12/16/11<br><br>Non-Dispositive Motion Hearing Date: 1/20/12 9:00 Ctrm. 7<br><br>Dispositive Motion Filing Deadline: 1/12/12<br><br>Dispositive Motion Hearing Date: 2/13/12 10:00 Ctrm. 3<br><br>Settlement Conference Date: 11/22/11 10:30 Ctrm. 7<br><br>Pre-Trial Conference Date: 3/19/12 11:00 Ctrm. 3<br><br>Trial Date: 5/1/12 9:00 Ctrm. 3 (JT-10 days) |

I.    Date of Scheduling Conference.

      November 4, 2010.

II.   Appearances Of Counsel.

      R. Marc Stamper, Esq., appeared on behalf of Plaintiff.

      William H. Littlewood, Esq., appeared on behalf of

Defendants.

III.  Summary of Pleadings.

   Plaintiff's Statement:

   1.   Plaintiff was hired as an equipment operator for the County of Fresno on or about February 27, 2006.  In or about November of 2007, Plaintiff was assigned to the Firebaugh yard for training.  While at the yard, he was assigned to unload a personal trailer belonging to the yard supervisor.  Plaintiff was injured during the course of unloading the trailer and reported his injury.  At all times subsequent to reporting his injury, Plaintiff has been subjected to harassment, discrimination and has generally been treated differently than other similarly situated employees.  Plaintiff alleges he was denied the opportunity to work overtime, was denied the opportunity for promotion, was assigned undesirable work duties, was subjected to arbitrary scrutiny and criticism, was subjected to offensive and vulgar comments and harassment from co-employees, supervisors, and Defendant Godfrey.  As a result of the alleged unlawful treatment, Plaintiff claims to have suffered severe emotional distress and developed irritable bowel syndrome, and at all material times, Defendants, with knowledge of Plaintiff's condition, failed to provide Plaintiff with reasonable accommodation for his disability.

   2.   Plaintiff hereby incorporates the actual statements contained in his Complaint in accordance with Federal Rule of Civil Procedure 10(c).

   Defendant's Summary:

   3.   The County of Fresno and David Godfrey (collectively

"Defendants") answered the Complaint on July 9, 2010, prior to removal of this action to Federal Court. Defendants generally denied all material allegations in Plaintiff's Complaint. The County had legal cause to take the actions it did against Plaintiff and expressly denies that any actions affecting the terms and/or conditions of Plaintiff's employment were motivated by Plaintiff's alleged disability or were done in retaliation for allegedly engaging in legally protected activity. The County further denies that Plaintiff was the subject of discrimination or harassment whether on the basis of his alleged disability or otherwise.

4. The County asserted numerous affirmative defenses, including: (1) failure to state a claim against the County upon which relief can be granted; (2) barred by the statute of limitations; (3) failure to mitigate damages; (4) exclusivity of remedies afforded by workers' compensation laws of the State of California; (5) failure to exhaust administrative remedies; (6) failure to state a claim against the Defendants to the extent the allegations of Plaintiff's Complaint enlarge upon the facts and contentions set forth in the charges filed with the Department of Fair Employment and Housing and the Equal Employment Opportunity Commission; (7) Plaintiff's willful misconduct and/or negligence proximately caused whatever injury is claimed by Plaintiff; (8) actions of the County affecting the terms and conditions of Plaintiff's employment were made in good faith and were motivated by legitimate non-discriminatory reasons or as a result of business necessity; (9) all decisions made by the County affecting the terms and conditions of Plaintiff's employment were

3

just, fair, privileged, with good cause, non-retaliatory and in good faith; (10) the County would have taken the same action it did even if disability were a motivating factor (which the County denies); (11) the County has taken reasonable steps to prevent workplace discrimination and Plaintiff's failure to take advantage of those corrective and preventative measures bars recovery; (12) any claim for lost wages should be reduced by Plaintiff's interim earnings; (13) Plaintiff was not a qualified worker under the ADA and/or the Fair Employment & Housing Act and, if so, Defendants made reasonable accommodations to Plaintiff, or offered reasonable accommodations to Plaintiff that Plaintiff refused; and (14) any accommodation not made with respect to Plaintiff's alleged disability would have imposed an undue hardship on Defendant.

5.   Defendants hereby incorporate the actual statements contained in their Answer to Plaintiff's Complaint and the affirmative defenses set forth therein in accordance with Federal Rule of Civil Procedure 10(c).

IV. Orders Re Amendments To Pleadings.

1.   The parties do not anticipate amending the pleadings at this time.  Plaintiff, at this time, dismisses DOES 1 through 50, inclusive, without prejudice.

V.   Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   Plaintiff was hired as an equipment operator for the County of Fresno, in or about February of 2006.

2.   Defendant Godfrey was Plaintiff's immediate

4

supervisor from approximately June 2007 through the present.

3.   Plaintiff went out on unpaid medical leave in October of 2008 and to date, remains on unpaid medical leave.

4.   Plaintiff was an at-will employee of the County of Fresno.

5.   There was no written contract of employment.

6.   Plaintiff's current need for medical leave arises out of his ongoing condition diagnosed as irritable bowel syndrome, which condition has been medically diagnosed.

B.   Contested Facts.

1.   Whether Plaintiff suffered any adverse job action in the terms and conditions of his employment for which his alleged disability was a motivating factor.

2.   Whether Defendants had knowledge of Plaintiff's alleged disability.

3.   Whether Plaintiff requested a reasonable accommodation.

4.   Whether Defendants denied Plaintiff a reasonable accommodation for any alleged disability.

5.   Whether Plaintiff was treated differently than other employees on account of his alleged disability and without business justification.

6.   Whether Plaintiff was retaliated against in the terms and conditions of his employment on the basis of his alleged disability and/or allegedly engaging in protecting activity.

7.   Whether Plaintiff engaged in protected activity to support a claim of retaliation.

       8.    Whether the protected activity allegedly engaged in by Plaintiff, if any, was a motivating factor in any decision by the County affecting the terms and conditions of his employment.

       9.    Whether the County would have taken the same actions forming the basis of Plaintiff's complaint irrespective of his alleged disability.

       10.    Whether the County would have taken the same actions forming the basis of Plaintiff's complaint irrespective of his alleged engaging in protected activity.

       11.    Whether the County had legitimate non-discriminatory reasons for the decisions it made affecting the terms and conditions of Plaintiff's employment.

       12.    Whether the County had legitimate non-retaliatory reasons for the decisions it made affecting the terms and conditions of Plaintiff's employment.

       13.    Whether any action taken or decision made by the County affecting the terms and conditions of Plaintiff's employment was a result of business necessity.

       14.    Whether Plaintiff failed to take advantage of corrective and preventative measures regarding workplace discrimination.

       15.    Whether Plaintiff failed to exhaust his administrative remedies.

       16.    Whether Plaintiff's claims are barred by the applicable statutes of limitations.

       17.    Whether Plaintiff has suffered damage as a result of the acts or omissions referred to in his complaint, and if so,

the nature and extent thereof.

       18.   Whether Plaintiff took steps to mitigate the damages (if any there be) he suffered.

       19.   Whether Defendants engaged in extreme and/or outrageous conduct.

       20.   Whether Defendants intended to inflict severe emotional distress upon Plaintiff.

       21.   Whether Plaintiff suffered severe emotional distress.

VI.   Legal Issues.

    A.   Uncontested.

       1.   Jurisdiction exists under 28 U.S.C. § 1331 and the Americans with Disabilities Act.

       2.   Supplemental jurisdiction is invoked under 28 U.S.C. § 1367.

       3.   Venue is proper under 28 U.S.C. § 1391.

       4.   For the supplemental claims, the parties agree that the substantive law of the State of California provides the rule of decision.

    B.   Contested.

       1.   The nature and extent of Plaintiff's alleged disability.

       2.   Whether emotional distress claims made by Plaintiff are within the exclusive jurisdiction of the California Worker's Compensation Appeals Board and/or solely compensable under California Worker's Compensation laws.

       3.   Whether Plaintiff, who is currently out on long term disability, can legally assert that he has been

7

constructively terminated.

        4.    The parties dispute the application of the facts of this matter to the law applicable to the same.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    The parties' plan:

    1.    Results of the Conference Required by the Federal Rules of Civil Procedure 26(f).

        a.    The following sections (B-G) set forth the results of the Rule 26(f) conference.

    2.    Proposed Changes in the Timing, Form, or Requirement for Disclosures Under FRCP 26(a).

        a.    The parties propose and agree that the timing for the exchange of initial disclosures be November 18, 2010. The form and requirements set forth in FRCP 26(a) shall remain the same.

    3.    Changes in the Limitations on Discovery Imposed by FRCP 30, 31 and/or 33.

      a.   The Defendants contend that the deposition of Plaintiff should not be subjected to the one-day seven-hour limitation set forth in FRCP 30(d)(2), and presently believes that Plaintiff's deposition can be completed in two days, with both days limited to seven hours.

      b.   The Plaintiff believes that the length of depositions in this matter should be limited as set forth in FRCP 30(d)(2), with the understanding that the parties will work to agree on a case-by-case basis for reasonable and necessary extensions to said limitation.

      c.   The parties further agree that the limitations set forth in FRCP 30, 31 and/or 33 shall otherwise be unchanged.

    4.   Outline of Subjects on Which Discovery Might be Needed.

      Plaintiff:

      a.   Documents and written discovery to obtain, including but not limited to, personnel files, County rules, regulations, policies and procedures; documents supporting any actions taken against Plaintiff during his employment, and other similar matters.

      b.   Plaintiff will take the depositions of County employees with percipient knowledge or information relating to the facts and circumstances pertaining to Plaintiff's claims.

      Defendants' Subjects:

      c.   Defendants intend to depose Plaintiff regarding, among other things, his work history with the County, his evaluations, performance improvement plans, written reprimands, the events and circumstances upon which he bases his claims, alleged disabilities, medical history, damages, mitigation

9

efforts and other similar matters which might relate to his claims.

       d.    Defendants may depose percipient witnesses, if any, regarding the alleged events and circumstances giving rise to Plaintiff's claims.

       e.    Defendants intend to propound written discovery to ascertain the factual bases for Plaintiff's contentions alleged in the complaint, as well as to secure documents related to Plaintiff's claims not otherwise produced in connection with his Rule 26 disclosure.

       f.    Defendant may seek an independent medical examination of Plaintiff depending on the type, severity and/or nature of any physical or emotional injury later claimed in this action through expert witnesses or otherwise.

       g.    Defendant will address any and all expert discovery issues as they arise following the disclosure, if any, of such witnesses.

    5.    Whether Discovery Should be Conducted in Phases, etc.

       a.    The parties agree that discovery need not be conducted in phases.  Furthermore, there is agreement that discovery need not be limited to particular subjects at this time.

The Court orders:

1.    The parties agree to make their Rule 26(a) initial disclosures on or before November 18, 2010.

2.    The parties are ordered to complete all discovery, including experts, on or before December 12, 2011.

3.    The parties are directed to disclose all expert

10

witnesses, in writing, on or before October 10, 2011. Any rebuttal or supplemental expert disclosures will be made on or before November 10, 2011. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

    1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before December 16, 2011, and heard on January 20, 2012, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2. In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3. All Dispositive Pre-Trial Motions are to be filed no later than January 12, 2012, and will be heard on

February 13, 2012, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   March 19, 2012, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   May 1, 2012, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   Seven to ten days.

    4.   Counsels' attention is directed to Local Rules

of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for November 22, 2011, at 10:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to

13

request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

     5.   The Confidential Settlement Conference Statement shall include the following:

          a.   A brief statement of the facts of the case.

          b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

          c.   A summary of the proceedings to date.

          d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

          e.   The relief sought.

          f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

     1.   The issue of the amount of punitive damages, if any, will be tried in a second phase of a continuous trial before the same jury.

XVI. Related Matters Pending.

     1.   There are no related matters.

XVII.   Compliance With Federal Procedure.

     1.   The Court requires compliance with the Federal

Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.     Effect Of This Order.

    1.     The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.     Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.     Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   November 4, 2010                    /s/ Oliver W. Wanger
                                                           UNITED STATES DISTRICT JUDGE