1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SCOTT CARDWELL,                         CASE NO. 1:10-CV-1249-LJO-SMS

12             Plaintiff,                    **TENTATIVE RULING ON MOTIONS
                                             IN LIMINE AND ISSUES TO ADDRESS**
13             vs.                           **AT HEARING**

14   COUNTY OF FRESNO and DAVID
     GODFREY,
15
               Defendants.
16   _____/

17            **TENTATIVE RULING ON MOTIONS IN LIMINE**

18          Defendants County of Fresno and David Godfrey ("Mr. Godfrey") (collectively "Defendants")

19   move in limine to exclude:(1) any reference to the reason for Mr. Godfrey's reassignment in 2000; and

20   (2) any reference to the circumstances for Mr. Godfrey's reassignment during 2005-2006.  Defendants

21   contend that this evidence should be excluded pursuant to Fed. R. Evid. 401 and 403.

22          Fed. R. Evid. 401 defines "relevant evidence" to include any evidence that has "any tendency to

23   make the existence of any fact that is of consequence to the determination of the action more probable

24   or less probable than it would be without the evidence."  Fed. R. Evid. 403 provides that relevant

25   evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair

26   prejudice[.]" "'Unfair prejudice' means having an undue tendency to suggest a decision on an improper

27   basis, commonly an emotional one." *United States v. Jones*, 982 F.2d 380, 382 (9th Cir. 1992).

28          Defendants argue that this evidence should be excluded for several reasons.  First, there has been

                                             1

1  no evidence elicited during discovery as to any of the specific circumstances regarding the 2000 transfer.

2  Second, Defendants argue that the circumstances of the 2000 and 2005-06 transfer of Mr. Godfrey are

3  irrelevant to any of plaintiff Scott Cardwell's ("Mr. Cardwell's") claims, because Mr. Cardwell first

4  joined the County of Fresno on Febraury 27, 2006.  He was never assigned to the area that is the subject

5  of the first motion in limine.  Mr. Cardwell only began working in Mr. Godfrey's area in May 2008.

6  Accordingly, Defendants submit that the circumstances of the 2000 or 2005 transfers are irrelevant to

7  Mr. Cardwell's claims that arise from conduct that allegedly occurred in 2008.

8      In opposition, Mr. Cardwell argues that the evidence of Mr. Godfrey's 2001 and 2005

9  reassignment and retraining "are relevant to the claims presented in this action because they establish

10  motivation for David Godfrey to treat plaintiff in an unfair and discriminatory manner."  Although Mr.

11  Cardwell claims that this evidence establishes motivation for unfair or discriminatory treatment of Mr.

12  Cardwell, this bald-face assertion is unexplained.  Mr. Cardwell's opposition fails to connect the

13  evidence of Mr. Godfrey's 2000-2001 or 2005-2006 transfer/reassignment to any of the elements of his

14  asserted claims against the Defendants.

15      Although not identified in Mr. Cardwell's opposition or in the pretrial order, this Court notes that

16  Mr. Cardwell asserts four claims against Defendants: (1) discrimination pursuant to the Americans with

17  Disabilities Act, 42 U.S.C. §12112; (2) constructive termination; (3) intentional infliction of emotional

18  distress;  and (4) negligent infliction of emotional distress.  Mr. Cardwell's opposition fails to establish

19  that the evidence related to Mr. Godfrey's 2000-01 or 2005-06 transfer, reassignment, or retraining are

20  relevant to his claims against the defendants.  **For these reasons, this Court TENTATIVELY**

21  **GRANTS Defendants' motions in limine to exclude the above-identified evidence.**

22                                        **ISSUES TO ADDRESS**

23      In looking over Mr. Cardwell's claims, the disputed facts, what little facts are before the Court

24  on this action, the witness list, and the record, this Court is concerned that Mr. Cardwell has insufficient

25  evidence to establish even a prima facie case of ADA, as well as his other claims.  This Court notes that

26  in the little documentation leading up to this trial, Mr. Cardwell's disability either remains unnamed and

27  unestablished (i.e., Mr. Cardwell has a disability, and the failure to accommodate said disability lead to

28  the development of his irritable bowel syndrome ("IBS")) or is IBS, which has not been established to

1   be protected under the ADA. With the two identified witnesses, this Court does not understand how Mr.

2   Cardwell intends to establish the disability, discrimination, damages, or other elements of his claims.

3   As another example, this Court has not seen evidence of the adverse employment action, the termination

4   (constructive or otherwise). **Mr. Cardwell must be prepared to address this Court's concerns with**

5   **an offer of proof at the April 23, 2012 hearing. If Mr. Cardwell cannot satisfy this Court's**

6   **concerns that he cannot establish his claims, this action may not be going to trial.**

7

8

9

10

11                              IT IS SO ORDERED.

12  **Dated:    April 20, 2012                      /s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28