IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CARDWELL,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF FRESNO and DAVID GODFREY,<br><br>          Defendants.<br>_____/ | CASE NO. 1:10-CV-1249-LJO-SMS<br><br>**TENTATIVE RULING ON MOTIONS IN LIMINE AND ISSUES TO ADDRESS AT HEARING** |

**TENTATIVE RULING ON MOTIONS IN LIMINE**

Defendants County of Fresno and David Godfrey ("Mr. Godfrey") (collectively "Defendants") move in limine to exclude:(1) any reference to the reason for Mr. Godfrey's reassignment in 2000; and (2) any reference to the circumstances for Mr. Godfrey's reassignment during 2005-2006. Defendants contend that this evidence should be excluded pursuant to Fed. R. Evid. 401 and 403.

Fed. R. Evid. 401 defines "relevant evidence" to include any evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" "'Unfair prejudice' means having an undue tendency to suggest a decision on an improper basis, commonly an emotional one." *United States v. Jones*, 982 F.2d 380, 382 (9th Cir. 1992).

Defendants argue that this evidence should be excluded for several reasons. First, there has been

1  no evidence elicited during discovery as to any of the specific circumstances regarding the 2000 transfer.
2  Second, Defendants argue that the circumstances of the 2000 and 2005-06 transfer of Mr. Godfrey are
3  irrelevant to any of plaintiff Scott Cardwell's ("Mr. Cardwell's") claims, because Mr. Cardwell first
4  joined the County of Fresno on Febraury 27, 2006.  He was never assigned to the area that is the subject
5  of the first motion in limine.  Mr. Cardwell only began working in Mr. Godfrey's area in May 2008.
6  Accordingly, Defendants submit that the circumstances of the 2000 or 2005 transfers are irrelevant to
7  Mr. Cardwell's claims that arise from conduct that allegedly occurred in 2008.

8   In opposition, Mr. Cardwell argues that the evidence of Mr. Godfrey's 2001 and 2005
9  reassignment and retraining "are relevant to the claims presented in this action because they establish
10 motivation for David Godfrey to treat plaintiff in an unfair and discriminatory manner."  Although Mr.
11 Cardwell claims that this evidence establishes motivation for unfair or discriminatory treatment of Mr.
12 Cardwell, this bald-face assertion is unexplained.  Mr. Cardwell's opposition fails to connect the
13 evidence of Mr. Godfrey's 2000-2001 or 2005-2006 transfer/reassignment to any of the elements of his
14 asserted claims against the Defendants.

15  Although not identified in Mr. Cardwell's opposition or in the pretrial order, this Court notes that
16 Mr. Cardwell asserts four claims against Defendants: (1) discrimination pursuant to the Americans with
17 Disabilities Act, 42 U.S.C. §12112; (2) constructive termination; (3) intentional infliction of emotional
18 distress;  and (4) negligent infliction of emotional distress.  Mr. Cardwell's opposition fails to establish
19 that the evidence related to Mr. Godfrey's 2000-01 or 2005-06 transfer, reassignment, or retraining are
20 relevant to his claims against the defendants**.  For these reasons, this Court TENTATIVELY
21 GRANTS Defendants' motions in limine to exclude the above-identified evidence.**

## ISSUES TO ADDRESS

23  In looking over Mr. Cardwell's claims, the disputed facts, what little facts are before the Court
24 on this action, the witness list, and the record, this Court is concerned that Mr. Cardwell has insufficient
25 evidence to establish even a prima facie case of ADA, as well as his other claims.  This Court notes that
26 in the little documentation leading up to this trial, Mr. Cardwell's disability either remains unnamed and
27 unestablished (i.e., Mr. Cardwell has a disability, and the failure to accommodate said disability lead to
28 the development of his irritable bowel syndrome ("IBS")) or is IBS, which has not been established to

be protected under the ADA. With the two identified witnesses, this Court does not understand how Mr. Cardwell intends to establish the disability, discrimination, damages, or other elements of his claims. As another example, this Court has not seen evidence of the adverse employment action, the termination (constructive or otherwise). **Mr. Cardwell must be prepared to address this Court's concerns with an offer of proof at the April 23, 2012 hearing. If Mr. Cardwell cannot satisfy this Court's concerns that he cannot establish his claims, this action may not be going to trial.**

IT IS SO ORDERED.

**Dated:   April 20, 2012**                         /s/ Lawrence J. O'Neill
                                                             UNITED STATES DISTRICT JUDGE