IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CARDWELL, | CASE NO. 1:10-CV-1249-LJO-SMS |
| Plaintiff, | **RULING ON MOTIONS IN LIMINE** |
| vs. | |
| COUNTY OF FRESNO and DAVID GODFREY, | |
| Defendants. | |

Defendants County of Fresno and David Godfrey ("Mr. Godfrey") (collectively "Defendants") move in limine to exclude:(1) any reference to the reason for Mr. Godfrey's reassignment in 2000; and (2) any reference to the circumstances for Mr. Godfrey's reassignment during 2005-2006. Defendants contend that this evidence should be excluded pursuant to Fed. R. Evid. 401 and 403.

Fed. R. Evid. 401 defines "relevant evidence" to include any evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" "'Unfair prejudice' means having an undue tendency to suggest a decision on an improper basis, commonly an emotional one." *United States v. Jones*, 982 F.2d 380, 382 (9th Cir. 1992).

Defendants argue that this evidence should be excluded for several reasons. First, there has been

1  no evidence elicited during discovery as to any of the specific circumstances regarding the 2000 transfer.
2  Second, Defendants argue that the circumstances of the 2000 and 2005-06 transfer of Mr. Godfrey are
3  irrelevant to any of plaintiff Scott Cardwell's ("Mr. Cardwell's") claims, because Mr. Cardwell first
4  joined the County of Fresno on Febaruary 27, 2006. He was never assigned to the area that is the subject
5  of the first motion in limine. Mr. Cardwell only began working in Mr. Godfrey's area in May 2008.
6  Accordingly, Defendants submit that the circumstances of the 2000 or 2005 transfers are irrelevant to
7  Mr. Cardwell's claims that arise from conduct that allegedly occurred in 2008.

8  In opposition, Mr. Cardwell argues that the evidence of Mr. Godfrey's 2001 and 2005
9  reassignment and retraining "are relevant to the claims presented in this action because they establish
10 motivation for David Godfrey to treat plaintiff in an unfair and discriminatory manner." Although Mr.
11 Cardwell claims that this evidence establishes motivation for unfair or discriminatory treatment of Mr.
12 Cardwell, this bald-face assertion is unexplained. Mr. Cardwell's opposition fails to connect the
13 evidence of Mr. Godfrey's 2000-2001 or 2005-2006 transfer/reassignment to any of the elements of his
14 asserted claims against the Defendants.

15 This Court issued a tentative order to grant Defendants' motion in limine to exclude this
16 evidence. The Court explained its position that "Mr. Cardwell's opposition fails to establish that the
17 evidence related to Mr. Godfrey's 2000-01 or 2005-06 transfer, reassignment, or retraining are relevant
18 to his claims against the defendants. At the motion in limine hearing, Mr. Cardwell reiterated his
19 position that this evidence establishes that Mr. Godrey retaliated against Mr. Cardwell. Mr. Cardwell
20 did not go further to explain how this evidence–disconnected in time and in person–related to Mr.
21 Godfrey's treatment of or alleged retaliation against Mr. Cardwell. **Accordingly, this Court GRANTS**
22 **Defendants' motions in limine and EXCLUDES the evidence related to the reasons for Mr.**
23 **Godfrey's 2000 and 2005-2006 reassignments or transfers.**

24
25
26                                    IT IS SO ORDERED.
27 **Dated:   April 24, 2012**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE
28

2